UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO SERNA,<br>Plaintiff,<br>v.<br>DAVID HOLBROOK, et al.,<br>Defendants. | Case No. 21-cv-02654-JSC<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee. His petition sets forth 14 claims challenging the constitutionality of Petitioner's conviction in state court: that his conviction for kidnapping to commit robbery is not supported by sufficient evidence; his conviction for kidnapping to convict extortion is not supported by sufficient evidence; the trial court erred in denying his motion to set aside information; the trial court erred in denying his motion to suppress evidence; the trial court erred in admitting his statement obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); the trial court erred in admitting his involuntary statement; the trial court erred in admitting the hearsay statement of Isaias Serna; the kidnapping for extortion jury instruction was improper; his sentence was disproportionate; his sentence is an Equal Protection violation; trial counsel was ineffective in not challenging the search warrant of his historical cell phone site location information; his statement was involuntary because he was not informed of his right to consular notification under the Vienna Convention; trial counsel was ineffective in failing to argue that this violation resulted in Petitioner making an involuntary statement; and that these cumulative errors require reversal of his convictions and sentence.

These claims, when liberally construed, are cognizable and potentially meritorious. Good

cause appearing, Respondent is hereby ordered to show cause why the petition should not be granted.

In order to expedite the resolution of this case, it is further ordered as follows:

1. The Clerk shall serve respondent and the respondent's attorney, the Attorney General of the State of California, with a copy of this order and the petition with all attachments.

2. Consistent with Habeas Local Rule 2254-6, Respondent shall file with the court and serve on petitioner, within 60 days of service of the petition and this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within 30 days of the date the answer is filed.

3. Respondent may file, within 60 days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within 14 days of the date any opposition is filed.

4. The Clerk shall send a notice to petitioner and respondent regarding consenting to the jurisdiction of a magistrate judge.

**IT IS SO ORDERED.**

Dated: May 5, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge